**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **ABELARDO CARBAJAL, SR., *et al.*** | **CIVIL ACTION** |
| **versus** | **No. 05-5966** |
| **CASKIDS OIL OPERATING COMPANY** | **SECTION: I** |

**ORDER AND REASONS**

Before the Court is a motion to remand filed on behalf of plaintiffs, Abelardo Carbajal, Sr., and Santa Carbajal, individually and on behalf of their minor children, Abelardo Carbajal, Jr., and Sanita Carbajal.[1] Additionally, plaintiffs move the Court to award them costs and expenses incurred as a result of removal by defendant, CasKids Operating Company ("CasKids", incorrectly named "CasKids Oil Operating Company").[2] For the following reasons, plaintiffs' motion is **GRANTED IN PART** and **DENIED IN PART.**

***Background***

On October 14, 2005, plaintiffs, all residents of Louisiana, filed their complaint in the 32nd Judicial District Court, Terrebonne Parish, Houma, Louisiana, seeking recovery of damages for personal injuries. Plaintiffs allege that on or about January 22, 2005, they were operating an oyster boat in the vicinity of a CasKids' natural gas well, while in navigable waters in the Mud Hole Bay

---

[1] Rec. Doc. No. 4.

[2] *Id.*

area of Terrebonne Parish, Louisiana.[3] According to plaintiffs, they suffered injuries when defendant's well began spewing hazardous gas and other materials into the air that engulfed their boat.[4] Plaintiffs allege that the cause of the incident and their injuries was the gross negligence and fault of CasKids.[5]

As a result of their injuries, plaintiffs seek damages for past and future medical expenses, past and future loss of earnings, past and future loss of earning capacity, physical and mental anguish, fear, grief, past and future pain and suffering, disability and impairment, loss of enjoyment of living, and other such damages as allowed by law.[6] The petition does not specify the amount of damages being sought.

Within 30 days after service upon defendant of plaintiffs' petition, CasKids removed the above-captioned action to this Court based on diversity of citizenship, alleging that the amount in controversy exceeds $75,000.[7] In response, plaintiffs filed the instant motion to remand pursuant to 28 U.S.C. § 1447(c).[8] Plaintiffs do not contest the diversity of the parties. Instead, in their motion, plaintiffs argue that remand is proper because CasKids has not sufficiently proven that the amount in controversy exceeds the $75,000.00 jurisdictional amount required by 28 U.S.C.

---

[3] Rec. Doc. No. 4, p. 2.

[4] *Id.*

[5] *Id.*

[6] Rec. Doc. No. 5, p. 2.

[7] *Id.*

[8] 28 U.S.C. § 1447(c) provides in part: "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."

§1332(a).[9]

***Law and Analysis***

**I. Removal and Remand**

A defendant may remove an action from state court to a federal district court if the action is one over which the court possesses original jurisdiction. *See* 28 U.S.C. § 1441(a). Federal courts have original jurisdiction over cases between citizens of different states "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332.

The Fifth Circuit has reviewed the proper procedure to be followed in the district court when the jurisdictional amount is challenged after removal:

> The removing party bears the burden of showing that federal jurisdiction exists and that removal was proper. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995); *Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 815 (5th Cir. 1993) (per curiam); *Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir. 1988). To determine whether jurisdiction is present for removal, we consider the claims in the state court petition as they existed at the time of removal. *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995). Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand. *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000).

*See Manguno v. Prudential Prop. and Cas. Ins. Co.*, 276 F.3d 720, 723-24 (5th Cir. 2002).

Where, as here, plaintiffs' petition does not allege a specific amount of damages, the defendant bears the burden of proving by a preponderance of the evidence that the amount in controversy exceeds $75,000. *See Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999)

[9] 28 U.S.C. § 1332(a) provides, in pertinent part, that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."

(citing *De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993)); *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998). The defendant may make this requisite showing in either of two ways: (1) by demonstrating that it is facially apparent that a plaintiff's claims are likely above $75,000, or (2) by setting forth the facts in controversy that support a finding of the requisite amount either in the removal petition or by affidavit. *See Luckett*, 171 F.3d at 298 (citing *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995)); *see also Garcia v. Koch Oil Co. of Tex., Inc.*, 351 F.3d 636, 638-39 (5th Cir. 2003). Removal, however, cannot be based simply upon mere conclusory allegations. *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995). Moreover, any affidavits or stipulations supporting removal filed thereafter are considered only if relevant to the time of removal. *Id.* at 1335.[10]

Pursuant to article 893 of the Louisiana Code of Civil Procedure, plaintiffs' petition did not specify the amount of damages they are seeking, and the jurisdictional amount is not otherwise "facially apparent" from their complaint. Therefore, this Court must consider the facts provided by the defendant in support of removal. *See Vaughn v. Todd*, 71 F. Supp. 2d 570, 572 (E.D. La. 1999). Defendant's notice of removal, however, does little more than allege that the amount in controversy exceeds $75,000. In order to support its contention, defendant notes that plaintiffs are seeking damages and pursuant to 28 U.S.C. § 1446(a), attaches plaintiffs' petition and written discovery.[11]

In its opposition to plaintiffs' motion to remand, CasKids implicitly recognizes that,

---

[10] If the defendant meets its burden, diversity jurisdiction may be defeated if the plaintiff demonstrates to a "legal certainty" that the amount in controversy does not exceed $75,000. *Grant v. Chevron Phillips Chem. Co.*, 309 F.3d 864, 869 (5th Cir. 2002).

[11] Rec. Doc. No. 1, pp. 2-3.

generally, the jurisdictional amount cannot be satisfied by aggregating plaintiffs' damages.[12] It puts forth medical records allegedly showing that plaintiffs' claims "could, indeed, exceed the jurisdictional threshold."[13] However, "could, indeed, exceed" does not satisfy the preponderance of the evidence standard of proof. *See Buchana v. Wal-Mart Stores, Inc.*, No. CIVA992783, 1999 WL 1044336, at *4 (E.D. La. Nov. 17, 1999). "A 'could well' standard sounds more like a 'possibility' standard of proof, rather than a 'more likely than not' standard." *Id.* (citing *Allen*, 63 F.3d at 1336). The reality that plaintiffs may recover greater than $75,000 does not suffice to warrant removal. *See id.* Furthermore, no plaintiff's medical records and bills come close to exceeding the $75,000 threshold. In fact, the largest amount of medical bills presented, for any single plaintiff, totals only $11,685.34.

To strengthen its position, CasKids points out that plaintiffs refused its request to stipulate that the damages of each plaintiff cannot exceed $75,000.[14] It cites *Broadway v. Wal-Mart Stores, Inc.*, No. Civ.A. 00-1893, 2000 WL 1560167 (E.D. La. Oct. 18, 2000), for the proposition that such a failure to stipulate constitutes evidence that the amount in controversy could exceed the required jurisdictional amount. Plaintiffs counter, arguing that they were amenable to so stipulating, but that it was the defendant who refused and instead requested a stipulation that plaintiffs' "***collective***

---

[12] Defendant cites *Exxon Mobil Corp. v. Allopattole Services*, ___ U.S. ___, 125 S. Ct. 2611, 2615, 162 L. Ed. 2d 502 (2005), for the proposition that if any one of multiple plaintiffs in diversity litigation satisfies the minimum amount-in-controversy requirement, then jurisdiction extends to the other plaintiffs' claims. In determining whether plaintiffs' claims meet the jurisdictional threshold, the Court does not aggregate their claims, but rather considers each one separately. *See Acosta v. Amoco Oil, Co.*, 978 F. Supp. 703, 705 n.3 (S.D. Tex. 1997); *see also Allen*, 63 F.3d at 1330-31 (discussing the general rule that plaintiffs' damages may not be added together for the purpose of § 1332 jurisdiction).

[13] Rec. Doc. No. 5, pp. 5-8.

[14] Rec. Doc. No. 5, p. 4.

damage claims [were] not worth more than $75,000."[15] Plaintiffs refused defendant's more restrictive stipulation and filed their motion to remand. According to plaintiffs, it was only after they filed their motion to remand that defendant's counsel assented to enter into an agreement stipulating that each individual claim would not exceed $75,000.[16]

In the case of either proposed situation, a failure to stipulate is only one factor to consider in determining whether a defendant has met its burden, and it alone will not defeat a plaintiff's motion to remand. *See McBride v. Wal-Mart Stores, Inc.*, No. CIV.A. 98-3803, 1999 WL 76427, at *2 (E.D. La. Feb. 5, 1999); *see also Beardsworth v. Bd. of Comm'r*, No. Civ. A. 95-2868, 1995 WL 617585, at *2 (E.D. La. Oct. 18, 1995) (citing *Burns v. Windsor Insurance Co.*, 31 F.3d 1092 (11th Cir. 1994)).

In the present case, CasKids submits the following evidence in support of its removal: (1) Sanita Carbajal's medical bills totaling $11,685.34; (2) Abelardo Carbajal, Sr.'s medical bills totaling $6,402.90; and (3) Santa Carbajal's medical bills totaling $3,122.43.[17] Additionally, CasKids asserts that the medical records demonstrate that plaintiffs will require continued treatment for ongoing symptoms allegedly related to toxic exposure.[18] Finally, defendant points to plaintiffs' failure to stipulate as evidence that the case should be remanded.[19] Defendant's evidence and assertions, however, do not show that it is more likely than not that the amount in controversy, as

---

[15] Rec. Doc. No. 11, p. 2 (emphasis added).

[16] Rec. Doc. No. 11, pp. 2-3.

[17] Rec. Doc. No. 5, exhibit A.

[18] Rec. Doc. No. 5, p. 8.

[19] Rec. Doc. No. 5, p. 9.

to any plaintiff, exceeds $75,000, the jurisdictional requisite of federal diversity jurisdiction. Therefore, based on the aforementioned evidence, the Court finds that defendant has failed to meet its burden and that plaintiffs' motion to remand should be granted.

**II. Costs**

Pursuant to 28 U.S.C. § 1447(c), the Court "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." The decision whether to award fees and costs is discretionary. *Miranti v. Lee*, 3 F.3d 925, 929 (5th Cir. 1993). This Court exercises its discretion not to grant plaintiffs' request for attorney fees and costs. Accordingly,

**IT IS ORDERED** that plaintiffs' motion to remand is **GRANTED**. This case is hereby **REMANDED** to the 32nd Judicial District Court, Parish of Terrebonne, State of Louisiana for further proceedings.

**IT IS FURTHER ORDERED** that plaintiffs' request for costs and expenses is **DENIED**.

New Orleans, Louisiana, April 18th, 2006.

**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**